1. Landlord and tenant, § 5*—*where lease is distinguished from receipt.* In an action of forcible detainer, an instrument purporting to be a receipt for a certain sum to apply on a subsequent month's rent for a certain flat at a certain rate per month for the year, with the condition that the premises were to be put in first-class repair as agreed, *held* to be a receipt rather than a lease containing all the conditions of the renting.

2. Landlord and tenant, § 325*—*sufficiency of evidence to show rent payable in advance.* In an action of forcible detainer evidence *held* sufficient to sustain the court's finding that the rent was payable in advance and to warrant a judgment in favor of plaintiff for possession of the premises in question.

---

### Mark Burns and John Barnes, Appellants, v. Jennie Myers and Louis M. DeCosta, Appellees.

### Gen. No. 19,817.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Marcus A. Kavanagh, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed March 8, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Burns et al. v. Myers et al., 191 Ill. App. 518.

## Statement of the Case.

Bill by Mark Burns and John Barnes against Jennie Myers and Louis M. DeCosta primarily to subject certain real estate, the title to which was in defendants, to the payment of certain claims allowed by the Probate Court of Cook county against the estate of Herman R. Myers, deceased, husband of one of the defendants and father-in-law of the other. From a decree in favor of defendants dismissing the bill for want of equity, complainants appeal.

CASWELL & HEALY, for appellants.

BITHER, GOFF & FRANCIS, for appellees.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. FRAUDULENT CONVEYANCES, § 42*—*when evidence insufficient to show insolvency of grantor.* In an action to have certain Probate Court judgments against an estate declared a lien upon real estate standing in defendant's name and for collateral relief within the general purpose of a creditor's bill, evidence *held* to establish that decedent was not insolvent when he conveyed the property without consideration to his wife, one of the defendants.

2. FRAUDULENT CONVEYANCES, § 58*—*where anticipatory knowledge of insolvency immaterial.* In an action to subject real estate to the lien of a judgment and for collateral relief within the general purposes of a creditor's bill, *held* anticipatory knowledge of the subsequent failure of a corporation in which the grantor was interested cannot be invoked to render a voluntary conveyance to his wife invalid or objectionable.

3. FRAUDULENT CONVEYANCES, § 185*—*rule as to pre-existing creditors.* Where it was sought to subject real estate standing in the wife's name to the lien of a judgment against the husband's estate, *held*, in the absence of evidence of insolvency, a voluntary conveyance to the wife will not be adjudged fraudulent and invalid as against pre-existing creditors who alone can complain.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. Fraudulent conveyances, § 49*—*effect of solvency as to conveyance of husband to wife.* In an action to subject real estate standing in the name of a wife to the lien of judgment against her deceased husband's estate and for relief within the general purpose of a creditor's bill, the question is one of the grantor's solvency at the time of the voluntary conveyance, in spite of the rule that such a conveyance under former decisions seems to have been held invalid unless the grantor is pecuniarily able to withdraw the amount of his donation from his estate without the least hazard to his creditors.

5. Fraudulent conveyances, § 45*—*how solvency bears on fraud.* In an action for relief as against a conveyance of real estate, while, if a fraudulent intent is shown by, or can be properly inferred from competent evidence presented, the conveyance can be set aside, and insolvency in such a case may be only one of the circumstances from which the intent may be inferred and the absence of insolvency may not be conclusive against such fraudulent intent to hinder and delay creditors, yet solvency at the time of the conveyance tends strongly to negative said intent.

6. Fraudulent conveyances, § 91*—*effect of husband's acting as agent for wife.* In an action to subject to a lien of a judgment against a husband's estate, real estate conveyed without consideration by him to his wife, *held* the wife's title was not affected by the fact that the husband afterwards acted for her in the collection of rents or by the fact that such income was mingled with his own money in his bank account.

7. Executors and administrators, § 467*—*insufficiency of evidence to show purchase on behalf of executrix.* Where, in an action to subject real estate to the lien of a judgment, it was contended that a sale under order of the Probate Court was only colorable, fraudulently designed to defraud creditors and void as a sale really to the executrix herself, *held* that the sale was valid in the absence of a showing of bad faith.

8. Executors and administrators, § 454*—*mere inadequacy of price insufficient for vacating judicial sale.* The fact that real estate sold under an order of the Probate Court to pay debts fails to bring its full value in the absence of bad faith is not sufficient to require that it be set aside, inadequacy of price being not infrequently associated with judicial sales, especially of property subject to mortgage and dower claims.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.